**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>425 Third Street S.W., Suite 800 )<br>Washington, DC 20024, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>950 Pennsylvania Avenue N.W. )<br>Washington, DC 20530-0001, )<br>)<br>and )<br>)<br>U.S. DEPARTMENT OF )<br>HOMELAND SECURITY, )<br>Office of the General Counsel )<br>2707 Martin Luther King Jr. Avenue S.E. )<br>Mailstop 0485 )<br>Washington, DC 20528-0485, )<br>)<br>      Defendants. )<br>_____) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of

Justice and U.S. Department of Homeland Security to compel compliance with the Freedom of

Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.       The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530-0001.  DOJ has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant U.S. Department of Homeland Security is an agency of the U.S. Government and is headquartered at 245 Murray Lane S.W., Washington, DC 20528.  DHS has possession, custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

6.      On November 2, 2022, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation, a component of Defendant DOJ, seeking access to:

> All records related to the use of Facebook's Content Request Government Reporting System by any official, employee, or contract employee of the Federal Bureau of Investigation. This request includes, but is not limited to, the following:
>
> All entries entered into the system by any official or employee.
>
> All records depicting the number of FBI employees with access to the system and their positions within the Bureau.
>
> All policies, regulations, guidelines, or similar records related to the use of the system.

All related records of communication between any official or employee of the FBI and any officer, employee, or representative of Meta, Inc. (formerly Facebook, Inc.)

All related records of communication between any official or employee of the FBI and any official or employee of any other branch, department, agency, or office of the Federal government.

For purposes of clarification, please see https://theintercept.com/2022/10/31/social-media-disinformation-dhs/

7.      The FBI acknowledged receipt of the request by letter dated November 15, 2022 and advised Plaintiff that "The FBI can neither confirm nor deny the existence of records responsive to your request pursuant to FOIA Exemption (b)(7)(E) [U.S.C.§552 (b)(7)(E)]."  The request was assigned tracking number FOIPA Request No. 1572176-000.

8.      On January 11, 2023, Plaintiff submitted an administrative appeal.

9.      Later that same day, DOJ's Office of Information Policy acknowledged receipt of the administrative appeal and advised Plaintiff that the appeal was assigned tracking number A-2023-00587.  Plaintiff has received no further response to or determination on this appeal.

10.      On November 2, 2022, Plaintiff submitted a FOIA request to the Cybersecurity and Information Security Agency, a component of Defendant DHS, seeking access to:

All records related to the use of Facebook's Content Request Government Reporting System by any official, employee, or contract employee of the Department of Homeland Security. This request includes, but is not limited to, the following:

All entries entered into the system by any official or employee.

All records depicting the number of DHS employees with access to the system and their positions within the Department.

All policies, regulations, guidelines, or similar records related to the use of the system.

All related records of communication between any official or employee of the DHS and any officer, employee, or representative of Meta, Inc. (formerly Facebook, Inc.)

All related records of communication between any official or employee of the DHS and any official or employee of any other branch, department, agency, or office of the Federal government.

For purposes of clarification, please see https://theintercept.com/2022/10/31/social-media-disinformation-dhs/

11.      By email dated December 14, 2022, CISA requested a date range for the FOIA request.

12.      On December 15, 2022, Plaintiff responded, identifying the timeframe as June 1, 2020 to the present.  Plaintiff has received no further response to this request.

13.      On November 2, 2022, Plaintiff submitted a FOIA request to the National Security Division, a component of Defendant DOJ, seeking access to:

All records related to the use of Facebook's Content Request Government Reporting System by any official, employee, or contract employee of the Department of Justice. This request includes, but is not limited to, the following:

All entries entered into the system by any official or employee of DOJ.

All records depicting the number of DOJ employees with access to the system and their positions within the Department.

All policies, regulations, guidelines, or similar records related to the use of the system.

All related records of communication between any official or employee of the DOJ and any officer, employee, or representative of Meta, Inc. (formerly Facebook, Inc.)

All related records of communication between any official or employee of the DOJ and any official or employee of any other branch, department, agency, or office of the Federal government.

For purposes of clarification, please see https://theintercept.com/2022/10/31/social-media-disinformation-dhs/

14.      By email dated January 17, 2023, the DOJ acknowledged receipt of the request on November 2, 2022.  Plaintiff has received no further response to this request.

15.     As of the date of this Complaint, the FBI, CISA, and NSD have failed to (i)

produce the requested records or demonstrate that the requested records are lawfully exempt

from production; (ii) notify Plaintiff of the scope of any responsive records they intend to

produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may

appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

16.     Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17.     Defendants are in violation of FOIA.

18.     Plaintiff is being irreparably harmed by Defendants' violation of FOIA and will

continue to be irreparably harmed unless Defendants are compelled to comply with it.

19.     To trigger FOIA's administrative exhaustion requirement, Defendants were

required to make a final determination on Plaintiff's appeal to the FBI by February 9, 2023;

Plaintiff's request to CISA by January 17, 2023; and Plaintiff's request to NSD by December 5,

2022, at the latest.  Because Defendants failed to comply with the time limits set by FOIA,

Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to

conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-

exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive

records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an

award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5

- 6 -

U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: April 26, 2023

Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Phone: (202) 646-5172
mbekesha@judicialwatch.org

*Counsel for Plaintiff*